## Fourth Department, March, 1930.

Vincenzo Alaimo, Respondent, v. Lucia P. Ange and Others, Appellants·

Per Curiam. Although the complaint alleges complete performance, we have concluded that the record discloses substantial performance and proper allowances to defendants for omissions and defects which were not " so dominant or pervasive as in any real or substantial manner to frustrate the purpose of the contract." (*Jacob & Youngs, Inc.*, v. *Kent*, 230 N. Y. 239, 243.) Defendants counterclaimed, setting up defective wall construction with resultant damage to the interior of one building, including wall paper, caused by rain coming through the walls. However, defendants presented no proof as to the amount of such damage in money. The court, under a stipulation of the parties, inspected the buildings and allowed defendants $100 for repapering. The papering was not done by plaintiff. Defendants cannot be heard to complain as to this allowance, since they made no proof on the subject, and it is purely a matter of counterclaim for damages caused by plaintiff's breach of contract, and not a part of plaintiff's affirmative case. Inasmuch as the record presents testimony upon which the other allowances made to defendants were fairly based, the question as to who bore the burden of such proof is unimportant. Concededly, the learned trial court allowed plaintiff $500 too much on the principal sum of each contract. The judgment, findings and conclusions should be modified accordingly, and as thus modified, the judgment should be affirmed, with costs to respondent. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ. Judgment modified in accordance with the opinion and as modified affirmed, with costs to the respondent. Certain findings of fact and conclusions of law modified.